LLOYD A. FRY ROOFING COMPANY, Appellant,

v.

CITY OF MINNEAPOLIS, Appellee.

No. 76–1637.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1977.

Decided March 10, 1977.

---

Bert M. Gross, Minneapolis, Minn., on brief, for appellant.

Edward R. Kenneally, Minneapolis, Minn., for appellee; Walter J. Duffy, Jr., Minneapolis, Minn., on brief.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and HEANEY, Circuit Judge.

PER CURIAM.

The parties to this diversity action, Lloyd A. Fry Roofing Company and the City of Minneapolis, have crossed swords intermittently in federal court since early 1969 over the application of a municipal ordinance to Fry's Minneapolis asphalt roofing material plant. In March, 1969, the City filed suit in Minnesota state court to enjoin Fry's Minneapolis plant from emitting obnoxious odors and particles into the air in violation of the City's ordinance regulating atmospheric pollution. Minneapolis, Minn.Code of Ordinances § 180.015 (1961) (recodified at § 47.180 (1976)). Fry removed the case to federal court, where, in 1971, the City's request for injunctive relief was denied and the complaint dismissed by Judge Gunnar Nordbye. On September 21, 1971, Judge Nordbye found that "at the present time" Fry's Minneapolis plant was not in violation of any Minneapolis ordinances relating to the emission of pollutants or odors.

In December, 1971, Fry applied to the Minneapolis City Council for a license to operate its plant pursuant to an ordinance requiring that asphalt roofing manufacturers be licensed. Minneapolis, Minn.Code of Ordinances § 385.010 (1961) (recodified at § 269.10 (1976)). This application was tabled until June, 1973, when the City Council voted to deny Fry a license, citing Fry's violation of the municipal air pollution ordinance as a ground for the denial. Shortly after the City Council's action, the City began to cite Fry and arrest certain of its employees for violations of § 385.010. Fry sought an injunction in federal court to prevent any further action of this nature by the City. The City counterclaimed for injunctive relief. On July 27, 1976, the trial court[1] denied Fry's request for injunctive relief. Deeming the state courts of Minnesota to be "the proper forum for obtaining an Order shutting down Fry's operations on the basis of the licensing ordinance," the trial court also denied the City's request for injunctive relief and dismissed its counterclaim. Fry appeals.

In the District Court, Fry contended that Judge Nordbye's finding of September 21, 1971, that Fry's plant was not then a nuisance in violation of the City's air pollution ordinance was res judicata on the issue, preventing the City Council in 1973 from finding Fry to be in violation of this ordinance and, thus, precluding the City Council from denying a license to Fry on this basis. In a comprehensive and well-reasoned unreported memorandum opinion, the District Court found, *inter alia,* that Fry had failed to establish that under Minnesota law the City Council was bound by the doctrine of res judicata to apply Judge Nordbye's prior interpretation and application of the municipal air pollution ordinance. We agree with the District Court that Judge Nordbye's opinion is not of infinite prospective effect and that, being based on conditions in 1971, it cannot give Fry unlimited immunity for future ordinance violations. Contrary to Fry's contention, the evidence presented to

---

* The Honorable Tom C. Clark, Associate Justice, Retired, United States Supreme Court, sitting by designation.

1. The Honorable Earl R. Larson, United States District Judge for the District of Minnesota.

the City Council in 1973 necessarily differed from that presented to Judge Nordbye in 1971 and it established a basis for a determination that conditions surrounding the operation of the Fry plant and its impact on adjacent neighborhoods had changed.

We are in complete agreement with the District Court's findings of fact and conclusions of law in this diversity action of purely municipal proportions. Accordingly, we affirm on the basis of Judge Larson's well-reasoned opinion.

Affirmed.